1  Jennifer L. Crow, OSB No. 105601
   Jen@scheer.law
2  Scheer.Law PLLC1
   715 SW Morrison ST., Suite 912
3  Portland, OR 97205
   Phone: 206.800.4070 Fax: (206) 490-0866
4  Attorneys for Defendants
   Victory Recovery Services and Tiffany Trim
5

6

7

8

9

10              UNITED STATES DISTRICT COURT

11                  DISTRICT OF OREGON

12                    EUGENE DIVISION

13  JAMIE JOHN-CRANE, on behalf of JCJC
    Living RVOC TR, et al,                        NO.
14
                                                  
15                         Plaintiff,             DECLARATION OF JENNIFER L. CROW
    v.                                            IN SUPPORT OF NOTICE OF REMOVAL
16
    LEADFOOT RECOVERY COMPANY,
17  BOND# (UNTIL PROPERLY IDENTIFIED,
    WILL BE KNOWN AS, DOE#1), DAMON
18  POCHOLEC, KIM SULLIVAN, VICTORY
    RECOVERY SERVICES, INC, BOND #2
19  (UNTIL PROPERLY IDENTIFIED WILL BE
    KNOWN AS, DOE#2), TIFFANY "DOE"
20  (LAST NAME UNKNOWN AGENT FOR
    VICTORY RECOVERY SERVICES, INC), et
21  al,

22                         Defendants.

23

24       1.     I, Jennifer L. Crow, am counsel of record for Defendants Victory Recovery

25  Services, INC, "hereafter, Victory Recovery Services" and Tiffany "Doe" (hereafter, Tiffany

26  / / /

DECLARATION OF JENNIFER L. CROW IN                    SCHEER.LAW  PLLC
SUPPORT OF NOTICE OF REMOVAL – PAGE 1                715 SW MORRISON ST. SUITE 912
                                                        PORTLAND, OR 97205
                                                         P: (206) 800-4070

"Trim"). I am over the age of eighteen (18), competent to testify, and have personal knowledge of the matters attested to in this Declaration.

2.    On August 27, 2024, Plaintiff Jamie John-Crane (hereafter, "**Plaintiff**") filed a complaint in Lane County District Court, Case Number 24CV41394, in the State of Oregon seeking damages against Defendants. Plaintiff's Complaint alleges claims arising under the laws of the United States, including claims pursuant to 18 U.S.C. § 1201 (Armed Kidnapping), 18 U.S.C. § 514 (Armed Use of Fictitious Obligations), 18 U.S.C. § 2112 (Robbery of Property Held In Trust), 15 U.S.C. § 1692 –1692p, the Fair Debt Collection Practices Act ("FDCPA"), and 15 U.S.C. §§ 1 and 2 of 15 U.S.C. §§ 1-38, the Sherman Antitrust Act.

3.    Plaintiff's Complaint also alleges claims under Oregon state law, including Oregon (Revised) Statues ("ORS") 79.0609 (Breach of Peace), ORS 164.245 and ORS 164.205 (Trespass to Private Property), as well as claims alleging negligence/negligent supervision, assault and battery, false imprisonment, and intentional infliction of emotional distress.

4.    Plaintiff attempted to serve the Complaint on Victory Recovery Services and Tiffany Trim via certified mail August 27, 2024. However, the service was ineffective, and Victory Recovery Services and Tiffany Trim did not receive notice of Plaintiff's Complaint. A Certificate of Service was filed with the Court on October 10, 2024.

5.    Attached as **Exhibit 1** is a true and accurate copy of the Complaint Plaintiff filed on August 27, 2024.

6.    Attached as **Exhibit 2** is a true and accurate copy of the Certificate of Service filed on October 10, 2024.

5.    I have sought confirmation as to consent to remove from counsel for other named defendants Leadfoot Recovery Company, Damon Pocholec, and Kim Sullivan, but have not received a response at the time this Notice was filed.

/ / /

/ / /

DECLARATION OF JENNIFER L. CROW IN
SUPPORT OF NOTICE OF REMOVAL – PAGE 2

1   I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF

2   MY KNOWLEDGE AND BELIEF AND THAT I UNDERSTAND THAT IT IS MADE FOR

3   USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

4

5        DATED this 30th day of October 2024.

6

7                                        SCHEER.LAW PLLC

8

9                                        */s/ Jennifer L. Crow*
                                         _____
10                                       Jennifer L. Crow, OSB No. 105601
                                         jen@scheer.law
11                                       Attorney for Defendants Victory Recovery
                                         Services and Tiffany Trim
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF JENNIFER L. CROW IN
SUPPORT OF NOTICE OF REMOVAL – PAGE 3

1

CERTIFICATE OF SERVICE

2    I certify under penalty of perjury under the laws of the State of Oregon, that the following

3    is true and correct:

4    I am employed by the law firm of Scheer.Law PLLC.

5    At all times hereinafter mentioned, I was and am a citizen of the United States of America,

6    a resident of the State of Oregon, over the age of eighteen (18) years, not a party to the above-

7    entitled action, and competent to be a witness herein.

8    On the date set forth below I served the document(s) to which this is attached, in the manner

9    noted on the following person(s):

10

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **Pro Se Plaintiff**<br>Jamie John-Crane<br>1292 High Street #1161<br>Eugene, Oregon 97401<br>Jamiejohnst@gmail.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Overnight Mail** |
| **CO/ Defendants Leadfoot Recovery Company, Damon Pocholec, and Kim Sullivan**<br>Kevin T. Lafky<br>Kevin T. Lafky<br>Lafky & Lafky<br>429 Court St NE<br>Salem, Oregon 97301<br>klafky@lafky.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Overnight Mail** |

20    DATED this 30th day of October 2024 at Portland, Oregon.

21

22                                */s/ Rowik Kinnard*
                                 Rowik Kinnard, Legal Assistant

23

24

25

26

DECLARATION OF JENNIFER L. CROW IN
SUPPORT OF NOTICE OF REMOVAL – PAGE 4

# Exhibit 1

RECEIVED
AUG 2 6 2024
CIRCUIT COURT, LANE CO.

Verified Correct Copy of Original 8/27/2024.

FILED

2024 AUG 27 PH 2: 24
CIRCUIT COURT OF OREGON
FOR LANE COUNTY

CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF LANE

Jamie John-Crane, on behalf of JCJC LIVING      :    Case No.: **24CV41394**

RVOC TR, et al      :    **COMPLAINT FOR DAMAGES, INJUNCTION**
     :    **RELIEF, AND OTHER RELIEF**

       **PLAINTIFF,**      :

       **vs.**      :    PRAYER AMOUNT
     $2,000,000.00

**LEADFOOT RECOVERY COMPANY,**      :

**BOND# (UNTIL PROPERLY IDENTIFIED, WILL**      :

**BE KNOWN AS, DOE# 1),**      :

**DAMON POCHOLEC, KIM SULLIVAN,**      :

**VICTORY RECOVERY SERVICES, INC,**      :

**BOND #2 (UNTIL PROPERLY IDENFITIED,**      :

**WILL BE KNOWN AS, DOE#2),**      :

**TIFFANY "DOE" (LAST NAME UNKNOWN**      :

**AGENT FOR VICTORY RECOVERY SERVICES,**      :

**INC), et al**      :

       **DEFENDANT(S)**

To the honorable Judge and Clerk of Court:

I, Jamie John-Crane, the Plaintiff, and Trustee of the JCJC Living RVOC TR, bring this suit on behalf of the Trust.

I am not a student of law, I am not familiar with the rules of the court, however, I am familiar with my right to have the rules suspended, and have all presentments construed liberally, and I do hereby elect to exercise the right and request rules to be suspended.

-1-

JAMIE JOHN-CRANE et all V. LEADFOOT
RECOVERY COMPANY et all

Verified Correct Copy of Original 8/27/2024.

This suit is grounded in the First Amendment of the United States Constitution, which guarantees every person the protected right to petition the government for redress of grievances. The Defendants in this case are:

    A. Leadfoot Recovery Company;
    B. Doe #1, representing the Bond issuer for Leadfoot Recovery, LLC (Until the bond is properly identified);
    C. Damon Pocholec, President;
    D. Kim Sullivan, Registered Agent, and Secretary;
    E. Victory Recovery Services, Inc.
    F. Doe #2, representing the Bond issuer for Victory Recovery Services, Inc (Until the Bond is properly identified)

I attest, affirm, declare, and assert the following facts and respectfully request that this Court review this case under the principals of equity and consider the following:

## AFFIDAVIT

I, Jamie C John-Crane, of age of competent to testify, state as follows based on my own personal knowledge, as Trustee on behalf of JCJC Living RVOC TR.

## INTRODUCTION

This case is a civil action for damages arising out of unlawful and reckless conduct by the Defendants, Leadfoot Recovery LLC, Leadfood Recovery Company, Damon Pocholec and Kim Sullivan, Victory Recovery Services, Inc., and Tiffany "Doe". The Plaintiff seeks compensation for physical injury, emotional distress, property damage, and violations of state and federal law.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to ORS 14.030 because the events giving rise to this action occurred within Lane County, Oregon, and the Defendants do business in this county.
2. Venue is proper in this Court pursuant to ORS 14.080 because the Plaintiff resides in this county and the acts complained of occurred here.

## BACKGROUND

3. Plaintiff, Jamie John-Crane, is a resident of Lane County
4. JCJC Living RVOC Tr. Is the lawful owner of a 2023 Ford Bronco, VIN No. 1FMEE5DPXPLB56790, to which the vehicle is titled and registered to in the State of Oregon.

JAMIE JOHN-CRANE et all V. LEADFOOT
RECOVERY COMPANY et all

Verified Correct Copy of Original 8/27/2024.

5. Leadfoot Recovery Company is a towing and repossession company located at 29850 Kelso ST, Eugene, OR 97401, operating in the State of Oregon.

    a. Leadfoot Recovery Company is listed as an active Domestic Business Corporation with the Oregon Secretary Of State, Registry No. 2213696-97.

    b. Leadfoot Recovery Company, has an active NMLS ID: 2568669, with a State License/Registration in Oregon as a Collection Agency, authorized to conduct business.

    c. Per the Oregon Secretary of State, Damon Pocholec is listed as President of Leadfoot Recovery Company, and is also an Agent for this company to repossess vehicles.

    d. Per the Oregon Secretary of State, Kim Sullivan is listed as Secretary and Registered Agent for Leadfoot Recovery Company and is also an Agent for this company to repossess vehicles.

6. Victory Recovery Services, Inc. conducts business hiring local Agents to repossess vehicles on their behalf, located at 4657 Thompson Mill Rd, Buford, GA 30518.

    a. Victory Recovery Services, Inc. does not have a NMLS license in the state of Oregon

    b. Victory Recovery Services, Inc. is not registered with the Oregon Secretary of State.

    c. Victory Recovery Services, Inc. is listed as an active Domestic Business Corporation with the Georgia Secretary Of State, Control No. K019521.

    d. Tiffany "Doe", acting as an Agent and Representative of Victory Recovery Services, Inc. identified her title as a Supervisor/Manager.

7. Jamie John-Crane, in her capacity as Trustee of the JCJC Living RVOC TR, affirms that neither the Trust not the Trustee have ever entered into any contracts, agreements, or dealings of any kind – whether oral, written, or implied – with the Defendants. The Trustee and the Trust categorically deny any such claims to the contrary.

## FACTUAL ALLEGATIONS

8. On or about 8:30 p.m. on August 23, 2024, Defendant Leadfoot Recovery Company, along with its agents and Co-Defendants Damon Pocholec and Kim, arrived at Plaintiff's residence in an unmarked white tow truck, bearing Plate No. TW259878, with the intent to repossess a 2023 Ford Bronco, VIN No. 1FMEE5DPXPLB56790. The tow truck had no visible business name on the cab or Oregon DOT number.

9. Plaintiff explicitly informed the Defendant Pocholec that their actions were breaching the peace multiple times and requested their company name, and company bond information, and that any further attempts to repossess the vehicle would be unlawful. Despite this clear communication, the Defendant argued that no breach of the peace was occurring and proceeded to take further repossession action, including but not limited to, attempting to

-3-

Verified Correct Copy of Original 8/27/2024.

secure and tow the vehicle from the Plaintiff's private property where there was a clearly visible "No Trespassing" sign present next to the where the vehicle was parked.

    a. Defendant Pocholec's refusal to cease repossession despite Plaintiff's objections and the presentation of valid ownership documentation directly violated ORS 79.0609 (UCC 9-609), which mandates that repossession efforts must stop if they result in a breach of the peace. The Plaintiff's right to peaceful possession of property was infringed upon, causing significant harm and distress.

    b. As required by ORS 819.480, and ORS 819.160 Defendant is required to provide his bonding information, which he failed to do

    c. Defendants blatant disregard for the legal requirements under ORS 79.0609 (UCC 9-609), governs repossessions and states that repossessions must be conducted without breaching the peace, and mandates that repossession must cease if it cannot be completed without breaching the peace. The Defendants decision to persist in the repossession, despite the Plaintiff's objections, constitute willful violation of both statutory and common law practices, exacerbating the Plaintiffs distress and further compromising the legality of the repossession.

    d. Defendants trespassed on private property, with a clearly posted "No Trespassing" sign in attempt to repossess Trust property, violating ORS 164.245, ORS 164.205, and 15 USC 1.

10. The Plaintiff presented a valid Oregon Certificate of Title for the 2023 Ford Bronco, Vin No. 1FMEE5DPXPLB56790, which clearly shows that the vehicle is owned by the JCJC Living RVOC TR. The title also indicates that there is a lien on the vehicle held by JOHN-CRANE, JAMIE CHRISTINA and JOHN-CRANE PRIVATE BANK E&T.

    a. Despite this clear evidence of ownership and the legal interest held by the Trust and its lienholders, the Defendant continued to pursue repossession actions. Such actions by the Defendant, an agent acting on behalf of a corporation, attempting to take trust property without legal authority, is a violation of 15 USC 1. The Plaintiff asserts that the Defendants actions are not only a breach of peace, but also an illegal attempt to take trust property, in violation with federal law.

11. Defendant Damon Pocholec quickly reviewed the document and stated that it did not matter he had a "valid" repossession order and was taking the vehicle.

    a. Defendant Damon Pocholec alleged the vehicle was already "hooked up".

Verified Correct Copy of Original 8/27/2024

      i. This is a violation under ORS98.853(3)(a) which states: *"If the owner or operator of the motor vehicle is present at the time of the tow, the tower shall release the motor vehicle at no charge unless the hookup is complete"* and ORS98.853(3)(b) which states: *"For purposes of this subsection, a hookup is complete if the motor vehicle to be towed has been loaded onto a tow vehicle, or if any part of the motor vehicle has been placed on or connected to an assembly that is part of a tow vehicle, such that the tow vehicle is capable of being in motion with the motor vehicle in tow."*

      ii. Contrary to Defendant Damon Pocholec's claim, I have video evidence from my Bling camera, a personal video recording, and an eyewitness who can verify that the vehicle was not hooked up or connected to the tow vehicle in any manner.

12. Defendant Damon Pocholec failed to verify the identity of the Plaintiff and there is no evidence that Defendant attempted to verify the validity of the ownership documents presented, despite being informed by the Plaintiff that the vehicle in question was owned by the JCJC Living RVOC TR and held under a valid lien. Additionally, there is no evidence that Defendant Pocholec sought confirmation or consult with Victory Recovery Company, Inc. to verify the trust ownership status before attempting to initiate or complete the repossession. This failure to property verify and check the legitimacy of the Trust's ownership raises serious concerns about the legality of the repossession efforts undertaken by the Defendant.

13. Defendant Damon Pocholec damaged Plaintiffs vehicle by removing professionally installed decals from the vehicle without prior permission, which he kept and did not return to the Plaintiff.

14. Defendant Damon Pocholec never provided Plaintiff a copy of this alleged "valid" repossession order.

15. Defendant Damon Pocholec became increasingly more aggressive towards Plaintiff, stating that he was not leaving, and was not breaching the peace and that he was leaving with the vehicle.

16. Plaintiff, feeling threatened by the Defendant's actions, entered the vehicle for her safety and to prevent it from being unlawfully taken. At the time, the vehicle was parked on private property, clearly marked with a "No Trespassing" sign. The vehicle was not on the hook, placed on any tow dollies, and all four tires remained securely on the ground. The

Verified Correct Copy of Original 8/27/2024

Plaintiff turned on the vehicle, seat belted herself, and partially rolled down the window in attempt to continue communication with the Defendant. However, the Defendant Pocholec refused to engage in any further dialogue with the Plaintiff.

    a.  While Plaintiff was inside the vehicle, Defendant Pocholec escalated his intimidating and threatening behavior by taking photographs and videos of the Plaintiff, standing on the vehicle, having Defendant Sullivan shine bright lights into the vehicle from where she was seated in the tow truck into the cab of the 2023 Ford Bronco and even aggressively pushed a bright iPad screen into Plaintiff's face, which she was unable to read. This was purposefully done to prove the validity of the repossession order, despite the Plaintiff's attempts to communicate.

    b.  In response to Defendant's aggressive behavior and ongoing attempts to repossess the vehicle while she was inside, Plaintiff called the Springfield Police Department and requested assistance. Plaintiff informed the dispatcher that she held the title for the vehicle and that the Defendant was acting in an extremely aggressive manner. Plaintiff also explained that she was inside the car, and the Defendant had begun placing dollies underneath the vehicle and was continuing the repossession despite her being inside the car. Plaintiff requested immediate police intervention to address the situation.

17. Officer Noack from the Springfield Police Department arrived at the scene, which generated Event No. 24-222111 in response to the Plaintiff's request for assistance. Plaintiff immediately informed the officer that she held the title to the 2023 Ford Bronco in her hand and showed it to him, asserting ownership of the vehicle and that it was property of the Trust. Despite this, Officer Noack did not inspect the title or take any steps to verify it's validity. Instead, he spent a considerable amount of time with the tow truck driver, Defendant Pocholec.

    a.  After conversing with Defendant Pocholec, Officer Noack returned to the Plaintiff and stated that it appeared the tow order was "valid" and that the situation was a civil matter. Plaintiff responded, emphasizing that this was not a civil matter but a case of theft, as she was holding the title to the vehicle in her hand, which the officer had not inspected. Plaintiff also informed Officer Noack that the tow truck driver was actively lifting the vehicle with her inside it, right in front of the officer. Despite these concerns, Officer Noack stated that there was nothing more he could do and left the scene.

18. After Officer Noack with the Springfield Police Department left, Defendant Pocholec continued to circle the vehicle with Plaintiff inside. taking more photos and videos, and

Verified Correct Copy of Original 8/27/2024.

speaking with Plaintiff's witness. Despite the Plaintiff's earlier warnings and ongoing repossession actions, Defendant persisted in his aggressive behavior.

19. Plaintiff remained in the vehicle for around 60 minutes. Without any warning, Defendant abruptly dropped the vehicle twice – first one front wheel, and then the other front wheel while Plaintiff was inside. The estimated height the vehicle was dropped from was between 8-12in. The aggressive action caused Plaintiff to sustain physical injuries and aggravated a preexisting condition.

    a. After Defendant Pocholec gathered his tow equipment and departed the Plaintiffs private property, and departed from the scene, Plaintiff was finally safe to exit the vehicle. The actions of the Defendant Pocholec and Sullivan left the Plaintiff in a state of extreme anxiety. Plaintiff was visibly and uncontrollably shaking because of the traumatic events that had transpired.

20. As a result of the Defendant's actions, Plaintiff began experiencing severe pain early the following morning, including pain in her low back that radiated down both legs, up her spine to the base of her skull, and around her left side. This pain was accompanied by a migraine, tingling in her left hand, left arm, both feet, numbness in her left leg and dizziness.

21. On August 24, 2024, Plaintiff sought medical attention due to the worsening pain, and was initially seen at Peace Health Urgent Care, University District, where she was triaged and advised to seek further evaluation at the Emergency Room. Plaintiff was then taken to McKenzie Willamette Hospital's Emergency Room, where she received a diagnosis, medication, and an injection to manage her symptoms. She was subsequently discharged with instructions to follow up with her Primary Care doctor.

22. Throughout the entire incident, Defendant Sullivan remained in the cab of the tow truck, video recording the events as they unfolded. She was a direct witness to all that transpired, including the aggressive actions of Defendant Pocholec. At no point did Defendant Sullivan attempt to intervene or stop Defendant Pocholec from continuing his actions. Instead, she actively aided him by controlling the lights that were shined into the cab of the vehicle while Plaintiff was inside. Furthermore, Defendant Sullivan made faces at Plaintiff's witness, who was also recording the entire incident and repeatedly informed Defendant Pocholec that he was making a mistake and needed to cease his actions.

23. It is important to emphasize that Defendant Sullivan is also liable for the events that occurred. By aiding Defendant Pocholec and failing to take any action to prevent Plaintiff from being injured, she bears responsibility for the outcome. Both Defendants work in this

JAMIE JOHN-CRANE et all V. LEADFOOT RECOVERY COMPANY et all

Verified Correct Copy of Original 8/27/2024.

industry and should be fully aware of the laws, rules, and regulations governing repossession. Their decision to proceed despite this knowledge not only violated these regulations, but also calls into question the validity of the tow order itself, making their actions appear more akin to theft.

24. I want to reiterate that this entire incident took place on private property, not a public street, or other public property. The vehicle was parked securely on private property, and both Defendants violated a clearly posted "No Trespassing" sign to enter the property and attempted to seize Trust property without lawful authority.

25. Victory Recovery Services, Inc. is also liable for the events that transpired on August 23, 2024. Victory Recovery Services, Inc. is responsible for hiring and contracting with local agents, including Defendant Leadfoot Recovery Company, Defendant Pocholec and Defendant Sullivan, to locate and repossess vehicles on behalf of creditors.

    a. On August 26, 2024, Plaintiff called Victory Recovery Services, Inc. and spoke with their Agent, Tiffany who refused to provide her last name, and stated that she was a Supervisor and a Manager. Plaintiff explained to Tiffany that the vehicle they attempted to repossess is Trust property, held in Trust and has an active Lien Holder over it.

    b. Plaintiff explained to Tiffany the severity of the events that occurred on August 23, 2024, and that their Agent acting on behalf of them caused personal injury and property damage.

        i. Tiffany refused to speak with Plaintiff on the phone, refused to transfer Plaintiff to another employee or the Legal Department within the company, refused to provide Plaintiff with insurance or company bond information and hung up on Plaintiff.

    c. Tiffany "Doe" acting as an Agent and Representative in the authority of a Supervisor *and* Manager, demonstrated willful disregard for Plaintiff's injury, and failed to fulfil her duty of care by refusing to address the serious nature of the incident. This conduct reflects on the company's negligent attitude toward the incident and it's responsibility.

26. As the entity contracted with Defendants Leadfoot Recovery Company, Defendant Pocholec, and Defendant Sullivan, Victory Recovery Services, Inc. had a duty to ensure that the repossession was conducted lawfully and in compliance with all applicable laws, regulations, and industry standard. This duty includes verifying the legality of the repossession order, ensuring that the agents it hires are adequately trained, and overseeing that the repossession is carried out without breaching the peace, infringing on private property rights, or causing harm to the vehicle owner.

_Verified Correct Copy of Original 8/27/2024._

27. Despite this duty, Victory Recovery Services, Inc. failed to properly supervise and control the actions of the agents it hired. Victory Recovery Services, Inc. either knew or should have known that Defendants Leadfoot Recovery Company, Defendant Pocholec and Defendant Sullivan were engaging in unlawful and aggressive actions during the attempted repossession, which I included breaching the peace, ignoring the clearly posted "No Trespassing" sign, and attempting to repossess a vehicle that was clearly identified as Trust property, all while the Plaintiff was present and asserting ownership.

28. Therefore Defendant Victory Recovery Services, Inc. their Bond (Identified as Doe #2), their Agent, Tiffany "Doe" are thus jointly and severally liable with Defendants Leadfoot Recovery Company, their bond (Doe #1), Defendant Pocholec and Defendant Sullivan for all damages incurred by the Plaintiff, and to the Trust property as a result of this unlawful possession attempt. Victory Recovery Services, Inc. negligence in hiring, training, and supervising it's agents, as well as its failure to ensure the legality of the repossession, make it necessary and proper party to this lawsuit.

29. Over the course of at least the preceding two months to the repossession attempt on August 23, 2024, both Plaintiff and her witness observed Defendants Pocholec and Sullivan engaging in suspicious behavior around Plaintiff's property. The Defendants were frequently seen together or separately, either paring their vehicles outside Plaintiff's home, and observing it or driving past in their tow truck at various hours of the evening and early morning. On other occasions, they were observed in what are believed to be their personal vehicles, again surveilling the Plaintiff's property.

30. At the time, Plaintiff and her witness did not know the identities of the individuals engaging in this behavior. However, when the Defendants arrived on the Plaintiff's property to attempt the repossession, Plaintiff and her witness recognized them as the individuals they had frequently seen around the property over the preceding months.

31. Plaintiff is very familiar with the residents of her neighborhood and can readily identify those who do not belong. The repeated presence of the Defendants near her property, coupled with their behavior, caused Plaintiff significant distress and concern for her safety. As a survivor of domestic violence, Plaintiff was particularly sensitive to these occurrences, which made her feel threatened and unsafe in her own home.

32. As a direct result of the Defendant's actions, Plaintiff took extra precautions to protect herself including installing additional security cameras around her home and have people stay with her for safety reassurance. The Defendant's conduct not only violated Plaintiff's privacy, but also exacerbated her preexisting anxieties, causing her severe emotional distress.

Verified Correct Copy of Original 8/27/2024

## CAUSES OF ACTION

### COUNT 1: VIOLATION OF OREGON STATE LAW (BREACH OF PEACE) ORS 79.0609 (UCC 9-609)

33. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 32 as if fully set forth herein.

34. Defendants' actions in attempting to repossess the vehicle, despite being informed that they were breaching the peace, and continuing to do so without verifying ownership, constitute a violation of this statute. Specifically, their refusal to cease repossession after being notified by the Plaintiff and Plaintiff's witness their aggressive behavior, and their failure to provide required bond information all indicate a willful disregard for the legal requirements to avoid breach of the peace.

35. Plaintiff suffered physical injury, emotional distress, and property damage as a direct result of these actions.

   a. Plaintiff seeks compensatory damages for emotional distress, physical injuries, and property damage resulting from the breach of peace, in an amount to be determined at trial. Plaintiff also requests punitive damages to deter future or similar nature, in an amount to be determined at trial.

### COUNT 2: TRESPASS TO PRIVATE PROPERTY ORS 164.245, ORS 164.205

36. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 35 as if fully set forth herein.

37. Defendants unlawfully entered Plaintiff's property despite the presence of clearly visible "No Trespassing" signs with the intent to seize the vehicle without lawful authority. Their actions, conducted without the Plaintiff's consent and in direct violation of the posted warnings, constituted unlawful entry and trespass under Oregon law.

38. As a result of this unlawful and subsequent actions by the Defendants, the Plaintiff suffered damages, including but not limited to physical injuries, emotional distress, and damages to Trust property.

   a. Plaintiff seeks compensatory damages for the unlawful entry, emotional distress, and property damages caused by the trespass, in an amount to be determined at trial.

-10-

JAMIE JOHN-CRANE et all V. LEADFOOT RECOVERY COMPANY et all

Plaintiff also seeks statutory damages under Oregon law for trespass, in addition to punitive damages, to punish Defendants' reckless disregard for Plaintiff's rights, in an amount to be determined at trial.

**COUNT 3: ARMED KIDNAPPING (18 USC 1201)**

39. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 38 as if fully set forth herein.

40. Defendants Pocholec and Sullivan, acting individually and in their capacity as Agents of Leadfoot Recovery Company, and _____ company, willfully and unlawfully seized, confined and carried away Plaintiff against her will.

41. Specifically, Defendant Pocholec, with assistance and coordination of Defendant Sullivan operated a tow truck to forcibly lift and move Plaintiff's vehicle, a 2023 Ford Bronco, while Plaintiff was inside the vehicle.

42. Defendant Pocholec was aggressive towards Plaintiff instilling fear and confining Plaintiff within the vehicle, lifting it against Plaintiff's will.

    a. Defendants actions were conducted without lawful authority, justification, or consent, and were intended to intimidate, threaten, and coerce Plaintiff into relinquishing possession of Trust property and compromising her personal safety.

43. Defendants conduct constitutes a violation of 18 USC 1201, which prohibits the unlawful seizure, confinement, inveigling, decoying, kidnapping, abduction, or carrying away of any person against their will, particularly when accomplished through the use or threat of force and involving interstate commerce.

44. The actions of Defendants affected interstate commerce as the vehicle involved is registered and insured across state lines, and Defendants operations and communications in furtherance of this act involved interstate activities.

45. As a result of these actions by the Defendants, the Plaintiff suffered damages, including but not limited to physical injury, emotional distress, and damages to Trust property.

    a. Plaintiff seeks compensatory damages for the physical, emotional, and phycological injuries suffered caused by the Defendant, in the amount to be determined at trial. Additionally, Plaintiff seeks punitive damages, statutory damages, due to the international and harmful nature of Defendants actions.

-11-

JAMIE JOHN-CRANE et all V. LEADFOOT
RECOVERY COMPANY et all

Verified Correct Copy of Original 8/27/2024.

Verified Correct Copy of Original 8/27/2024.

**COUNT 4: ARMED USE OF FICTICIOUS OBLIGATIONS (18 USC 514)**

46. Plaintiff re-alleges and incorporated by reference paragraphs 8 through 45 as if fully set forth herein.

47. Defendants engaged in conduct that constitutes the armed use of fictitious obligations in violation of 18 USC 514.

48. Defendants attempted to unlawfully repossess Plaintiff's Trust property a 2023 Ford Bronco from her private property. During this incident, Defendant Pocholec verbally presented what he claimed to be a "valid repossession order" as legal authority to seize the vehicle. There is no evidence provided from Defendant to Plaintiff in support of this "valid repossession order".

49. Upon information and belief, the purported repossession order presented by Defendant Pocholec was a fictitious obligation, as it was not issued by any court or legitimate legal authority, nor did conform to the legal requirements necessary for such an order under Oregon Law. The document was designed to deceive and coerce the Plaintiff into surrendering Trust property under the pretense of lawful authority.

50. The use of this fictitious repossession order was accompanied using force, as Defendant Pocholec and Sullivan used the tow truck to physically lif the Plaintiff's vehicle, held in Trust, thereby attempting to execute the terms of the fictitious obligation under coercive circumstances.

51. Defendant Pocholec's actions were carried out with the intent to defraud and mislead the Plaintiff into believing that the repossession was authorized by law, when in fact, it was based on a fraudulent document. The Defendants actions, including the armed use of this fictitious obligation, constitute a direct violation of 18 USC 514.

52. As a direct and proximate result of Defendants actions, Plaintiff suffered significant harm, including but not limited to physical injury, emotional distress, and the wrongful deprivation of Trust property.

    a. Plaintiff seeks compensatory damages for the harm caused by the use of the fictitious obligation, including emotional distress and the wrongful interference with per property, which is held in Trust, to be determined at trial. Punitive damages to punish the Defendants for their fraudulent conduct and to deter similar actions in the future, any other relief the Court deems just and proper.

**COUNT 5: ROBBERY OF PROPERTY HELD IN TRUST (18 USC 2112)**

JAMIE JOHN-CRANE et all V. LEADFOOT
RECOVERY COMPANY et all

Verified Correct Copy of Original 8/27/2024

53. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 52 as if fully set forth herein.

54. Defendants engaged in conduct that constitutes robbery of property in violation of 18 USC 2112. Defendants attempted to unlawfully seize Plaintiff's 2023 Ford Bronco from her private property, a vehicle that is held in trust, owned by, JCJC Living RVOC TR. The vehicle is subject to a lien held by JOHN-CRANE, JAMIE CHRISTINA and JOHN-CRANE PRIVATE BANK E&T.

55. The Defendants, through the use of physical force and intimidation, including threats of forcibly removing the vehicle and lifting the vehicle on the tow truck and tow dollies, attempted to rob the Plaintiff of her lawful possession of the vehicle. These actions were undertaken despite the Plaintiff presenting valid legal documentation proving her ownership and the vehicle's trust status.

56. 18 U.S.C. § 2112 criminalizes the act of robbing, stealing, or purloining personal property belonging to or held in trust by the United States. The Plaintiff asserts that the vehicle in question, held in a trust that falls under the purview of federal protection, was targeted by the Defendants with the intent to unlawfully seize and convert the property.

57. Defendants' actions were intended to deprive the Plaintiff and the Trust of the vehicle without legal authority, thereby constituting robbery under federal law. The forceful nature of the Defendants' actions, including the physical lifting of the vehicle while Plaintiff was inside, escalated this conduct to robbery under 18 U.S.C. § 2112.

58. As a direct result of Defendants' conduct, Plaintiff suffered substantial harm, including but not limited to physical injury, emotional distress, and the unlawful deprivation of property held in trust.

   a. Plaintiff seeks compensatory damages for the harm caused by attempted robbery, including physical injuries, emotional distress, and the wrongful interference with Trust property rights, to be determined at trial. Punitive damages to punish Defendants for their gregarious conduct and to deter similar future actions, and any other relief the court deems just and proper.

**COUNT 6: NEGLIGENCE AND NEGLIGENT SUPERVISION**

59. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 58 as if fully set forth herein.

60. Defendants had a duty to perform the repossession in lawful manner and avoid causing harm to Plaintiff.

Verified Correct Copy of Original 8/27/2024,_

a. Tiffany "Doe", acted negligently by refusing to provide necessary information or escalate Plaintiff's concerns within the company. Her actions and omissions were in direct violation of the duty of care that Victory Recovery Services, Inc. owed to the Plaintiff, and the Trust.

b. As a direct result of Tiffany "Doe's" personal negligence and her role in the negligent supervision of the situation, Plaintiff was further harmed and suffered additional emotional distress and financial burden related to the injury.

61. Defendants breached this duty by acting recklessly and failing to verify ownership and continuing repossession actions after being informed of the breach of peace as shown documentation proving Plaintiff's ownership of the 2024 Ford Bronco, and that the vehicle was Trust property.

62. As a result of these actions by the Defendants, the Plaintiff suffered damages, including but not limited to physical injury, emotional distress, and damages to Trust property.

a. Plaintiff seeks compensatory damages for the physical injuries, emotional distress, and property damage caused by the Defendants' negligence, in an amount to be determined at trial. Additionally, Plaintiff seeks statutory damages where applicable, and punitive damages for the reckless disregard to Plaintiff's rights.

## COUNT 7: ASSAULT AND BATTERY

63. Plaintiff re alleges and incorporates by reference paragraphs 8 through 62 as if fully set forth herein.

64. Defendants' Damon Pocholec actions in abruptly lifting and abruptly dropping the vehicle with Plaintiff inside caused physical harm and emption distress, constituting assault and battery under Oregon Law.

65. As a result of these actions by the Defendants', the Plaintiff suffered damages, including but not limited to physical injury, emotional distress, and damages to Trust property.

a. Plaintiff seeks compensatory damages for physical injuries, pain and suffering, and emotional distress resulting from the assault and battery, in an amount to be determined at trial. Plaintiff also request punitive damages due to the international and harmful nature of Defendants actions.

## COUNT 8: FALSE IMPRISONMENT

-14-

JAMIE JOHN-CRANE et all V. LEADFOOT RECOVERY COMPANY et all

_ Verified Correct Copy of Original 8/27/2024_

66. Plaintiff re alleges and incorporates by reference paragraphs 8 through 65 as if fully set forth herein.

67. Defendant Damon Pocholec unlawfully retrained Plaintiff by lifting the vehicle with plaintiff inside preventing Plaintiff from leaving, and causing fear for personal safety, constituting false imprisonment.

68. As a result of these actions by the Defendants', the Plaintiff suffered damages, including. But not limited to physical injury, emotional distress, and damages to Trust property.

    a. Plaintiff seeks compensatory damages for the emotional distress and physical harm caused by the false imprisonment, in an amount to be determined at trial. Plaintiff also seeks punitive damages to deter similar conduct in the future.

## COUNT 9: VIOLATIONS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

69. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 68 as if fully set forth herein.

70. Defendant Leadfoot Recovery Company is licensed as a Debt Collector in Oregon, and its agents violated the FDCPA through actions including harassment, false representation, and unfair practices during the attempted repossession.

    a. **Violation of 15 USC 1692a(6):** Defendants are defined as a debt collector, by engaging in the business of collecting debts, specifically repossession of the 2023 Ford Bronco, which was claimed to be owed or due by another party. Defendants actions and attempts to repossess the vehicle, without proper legal authority, while falsely representing their rights and failing to provide proper disclosure required under the FDCA demonstrate their operation as debt collectors.

    b. **Violation of 15 USC 1692d:** Engaging in conduct that harassed, oppressed, or abused the Plaintiff, including lifting and dropping the vehicle with Plaintiff inside.

    c. **Violation of 15 USC 1692e:** Making false or misleading representations, including falsely stating the vehicle was already hooked when it was not.

    d. **Violation of 15 USC 1692f:** Using unfair means to collect the debt, including damaging and defacing Plaintiff's vehicle and failing to provide bond information.

    e. **Violation of 15 USC 1692g:** Failing to provide required disclosures and properly identity themselves as debt collectors.

Verified Correct Copy of Original 8/27/2024.

f. **Violation of 15 USC 1692e(5):** Threatening to take action that count not legally be taken of was not intended to be taken.

g. **Violation of 15 USC 1692c(a)(i):** The FDCPA prohibits debt collectors from communicating with consumers at any unusual time or place or a time or place known or which is known to be inconvenient to the consumer, defined before 8am or after 9pm. Defendants have been observed surveilling Plaintiff's property at various times of the night, including early morning hours, creating a sense of harassment and contributing to Plaintiff's distress. These actions were conducted outside the permissible time frame for debt collection activity.

h. **Violation of 15 USC 1692i:** Defendants actions to initiate repossession on private property, without proper judicial intervention or authorization, and in disregard of the law

71. As a result of these actions by the Defendants', the Plaintiff suffered damages, including. But not limited to physical injury, emotional distress, and damages to Trust property.

   a. Plaintiff seeks statutory damages of $1,000.00 per violation under the FDCPA, as well as compensatory damages for emotional distress, physical harm, and property damage caused by these violations, in an amount to be determined at trial. Plaintiff also requests punitive damages to deter future violations and attorney's fees, administrative costs, as provided by the FDCPA.

**COUNT 10: VIOLATION OF 15 USC 1 (Sherman Antitrust Act)**

72. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 71 as if fully set forth herein.

73. Defendants Leadfoot Recovery Company, Defendant Pocholec. Defendant Sullivan, Victory Recovery Company, Inc., Tiffany "Doe". conspired to unlawfully restrain trade and commerce in violation of 15 USC 1 (Sherman Antitrust Act). There concerted actions to wrongfully seize and convert trust property for their own benefit, without legal authority, restricted Plaintiff's rights to freely possess and control her property.

74. By attempting to repossess the Plaintiff's vehicle. which is held in Trust, Trust Proeprty, and protected by a valid title, without legal authority and in violation of established laws, Defendants acted in concert to restrict the Plaintiff's rights to freely possess and control

their property. This concerted action between the Defendants effectively restrained trade by wrongfully interfering with Plaintiffs lawful ownership and control of the vehicle.

75. The Defendants actions were taken with the intent to wrongfully seize and convert Trust property for their own benefit, circumventing legal process, and in doing so, they engaged in a patter of anti-competitive behavior designed to deprive Plaintiff of their property without due process.

76. The unlawful agreement and actions by Defendants were conducted in full knowledge that their conduct violated federal law, and their collective actions constitute a combination or conspiracy to monopolize the Plaintiffs right to their property.

77. As a direct proximate result of Defendants conduct, Plaintiff has suffered substantial harm, including but not limited to the damage to property, emotional distress, and physical injury, as well as the violation of their legal rights to due process and property protection under the law.

78. As a result of these actions by the Defendants', the Plaintiff suffered damages, including. But not limited to physical injury, emotional distress, and damages to Trust property.

   a. Plaintiff seeks all remedies under the Sherman Act, including but not limited to treble damages, compensatory damages for property damage, emotional distress, and physical harm, in an amount to be determined at trial. Plaintiff also seeks attorney's fees, administrative costs associated with this action.

**COUNT 11: VIOLATION OF 15 USC 2, ATTEMPTED MONOPOLIZATION (SHERMAN ANTITRUST ACT)**

79. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 78 as if fully set forth herein.

80. Defendants engaged in conduct that constitutes unlawful attempts to monopolize, or conspire to monopolize, trade and commerce in violation of 15 USC 2 (Sherman Anti Trust Act).

81. Defendants' actions were part of a broader scheme to dominate the vehicle possession market, in the region by using unlawful and anti-competitive practices. This included attempting to seize the 2023 Ford Bronco, held in Trust and property of the Trust, JCJC LIVING RVOC TR, without proper legal authority or due process, thereby eliminating the Trust's ability to lawfully exercise its property rights.

JAMIE JOHN-CRANE et all V. LEADFOOT RECOVERY COMPANY et all

_Verified Correct Copy of Original 8/27/2024._

82. Defendants conduct demonstrates a specific intent to monopolize the repossession market, as evidence by their coordinated efforts to harass, intimidate, and coerce Plaintiff, with the goal of asserting exclusive control over the repossession process and excluding legitimate property rights holders from the market.

83. Defendants' actions, including using force and deception to seize property without proper legal authority, constitute an attempt to unlawfully control the market, leading to a dangerous probability of achieving monopoly power in the relevant market of repossession services.

84. As a direct proximate result of Defendants, conduct, Plaintiff has suffered substantial harm, including but not limited to the damage to property, emotional distress, and the infringement of her legal rights to due process and property protection under the law.

   a. Plaintiff seeks Treble damages as provided under The Sherman Act, to compensate for the harm caused by Defendants' attempted monopolization, injunction relief to prevent Defendants from continuing to engage in unlawful monopolization practices, attorney's fees, administrative costs, costs of suit, and any other relief the Court deems just and proper to be determined at trial.

## COUNT 12: INTENTIONAL INFLICTION OF EMPOTIONAL DISTRESS

85. Plaintiff re-alleges and incorporates by reference paragraphs 8 through 84 as if fully ser forth herein.

86. Over the course of at least two months leading up to the attempted repossession on August 23, 2024, Defendants Pocholec and Sullivan engaged in a pattern of behavior that included repeatedly parking outside Plaintiff's residence, driving past her home at off hours, and surveilling her property from both their tow trucks and alleged personal vehicles.

87. The Defendants Pocholec and Sullivan conduct was intentional and reckless, designed to cause Plaintiff severe emotional distress by making her feel constantly watched and unsafe in her own home. Given Plaintiff's status as a survivor of domestic violence, this behavior was particularly egregious and caused her significant physiological harm upon her.

88. As a direct result of Defendant Pocholec and Sullivan's actions, Plaintiff experienced severe emotional distress, including anxiety, fear for her safety, and the need to take additional security measures, such as installing extra cameras and having others stay with her for her protection. These actions by the Defendants were extreme and outrageous, exceeding the bounds of decency expected in civilian society.

-18-    JAMIE JOHN-CRANE et all V. LEADFOOT RECOVERY COMPANY et all

Verified Correct Copy of Original 8/27/2024

89. As a result of these actions by the Defendants', the Plaintiff suffered damages, including. But not limited to physical injury, emotional distress, costs to purchase additional security measures for her property, and damages to Trust property.

    a. Plaintiff seeks compensatory damages for the severe emotional distress and related costs, including medical expenses and the cost of additional security measures, in an amount to be determined at trial. Plaintiff also seeks damages to punish defendants for their malicious conduct and deter similar behavior in the future.

## JURY TRIAL DEMAND

90. I HEREBY DO DEMAND A JURY TRIAL, or trial by jury as it is more properly known, on all issues so triable.

## CONCLUSION

As I brought to this court's attention, I am not a student of law. I am also a disabled American, yet I have been attacked by these individuals, have been damaged. emotionally, mentally, physically, my property has been damaged for the events that have happened pertaining to this case stated within this document and am requesting the court to consider the Defendants' bad faith, actions, when making their decision.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, and award the following relief:

    A. **Diagnostic and Repair Costs:** At Plaintiff's choice of service shop, Defendants shall pay for a full diagnostic assessment of the vehicle and any and all repairs that are necessary to address damages caused by Defendant's actions.

    B. **Compensatory Damages:** Award Plaintiff compensatory damages for physical injuries, emotional distress, medical bills, and property damage caused by Defendant's intentional and reckless conduct, in an amount to be determined at trial.

    C. **Damages for interreference with Trust property:** Award Plaintiff damages specifically for Defendant's attempt to unlawfully seize and convert trust property, in violation of Plaintiff's rights as Trustee, in an amount to be determined at trial.

-19-　　　JAMIE JOHN-CRANE et all V. LEADFOOT
　　　　　RECOVERY COMPANY et all

D. **Punitive Damages:** Award Plaintiff punitive damages in an amount to be determined at trial, due to Defendant's willful, malicious, and reckless conduct, including violations under 18 USC 1201 (Kidnapping), 18 USC 2112 (Robbery of Trust Proeprty), and 15 USC 2 (Attempted Monopolization).

E. **Statutory Damages:** Award Plaintiff statutory damages, including:

   a. Treble damages under 15 USC 1, for the violation of federal law related to unlawful restrain of trade and interference with the lawful possession of Trust property.
   b. Statutory damages for violations of the Fair Debt Collection Practices Act (FDCPA), including damages under 15 USC 1692 for each FDCPA violation by the Defendants.

F. **Treble Damages:** Award Plaintiff Treble damages under applicable federal statutes, including 15 USC 2 (Attempted Monopolization), and 18 USC 2112 (Robbery of Trust Property), to reflect the egregious nature of Defendants' conduct.

G. **Prejudgment and Post-Judgment Interest:** Award Plaintiff prejudgment and post-judgement interest as allowed by law.

H. **Attorney's fees and costs:** Award Plaintiff attorney's fees, administrative costs, and other costs incurred by Plaintiff in bringing this action.

I. **Injunction Relief:** Grant Plaintiff injunction relief as appropriate, including but not limited to:

   a. Prohibiting Defendants from engaging in further unlawful activities, including any attempts to seize, interfere with, or convert Trust property.

   b. Mandating that Defendants cease and desist from any and all forms of harassment or surveillance of Plaintiff and her property.

J. **Declaratory Relief:** Grant declaratory relief to affirm Plaintiff's legal rights concerning the ownership and possession of the Trust property, and declare Defendants actions as unlawful.

K. **Any Other Relief:** Grant such other and further relief as this Court deems just and proper.

JAMIE JOHN-CRANE et all V. LEADFOOT RECOVERY COMPANY et all

_Verified Correct Copy of Original 8/27/2024._

I do hereby attest, affirm, and declare that I have firsthand knowledge of the information presented herein, that I am competent to make such claims, and the aforementioned is accurate under penalty of the state/Republic of Oregon Constitution, and the United States of America Constitution on this _Aug 26_____, 2024, so help me God.

Respectfully Submitted,

Ss: _John-crane: Jamie_____
Jamie John-Crane Trustee
The Beneficial Owner of the equitable
JCJC Living RCOV TR.
_Jamie John 87 @ gmail.com_

### NOTARY ACKNOWLEDGEMENT

STATE OF OREGON
IN THE COUNTY OF LANE

Before me, the undersigned, a Notary Public in and for said County and State on this _24_ day of _August_, 2024, personally appeared _Jamie Christina John-Crane_____ to me known to the identifiable person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act under penalty of perjury. Given under my hand and seal the day and year last above written.

My commission expires: _April 15, 2028_____    Notary Seal:

_matthew Hecker_____
Notary Public



OFFICIAL STAMP
MATTHEW EDWARD HECKER
NOTARY PUBLIC - OREGON
COMMISSION NO. 1047463
MY COMMISSION EXPIRES APRIL 15, 2028

-21-

JAMIE JOHN-CRANE et all V. LEADFOOT
RECOVERY COMPANY et all

Exhibit 2

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF ___LANE___

**Case No:** _24CV41394_

JAMIE John-CRANE, on behalf of
JcJc Living Rvoc TR.
_____
_____ Plaintiff
v.

LEADFOOT RECOVERY, et all
_____
_____ Defendant

**CERTIFICATE OF SERVICE**
(ORCP 7D(2))
☐ (a) Personal Service
☐ (b) Substitute Service
☐ (c) Office Service
☒ (d) Service by Mail

I, *(name)* __Matt Hecker__, declare that I am a resident of the state of
__Oregon__. I am a competent person 18 years of age or older and not a party
to or lawyer in this case. I certify that the person served is the person named below.

I served true copies of the original *Petition*, *Claim*, or *Complaint* and *Summons* (with attached
notices of mediation and other information provided by the court clerk) and: *(name any
additional forms served)* _____
_____

*by (check a, b, c, or d and complete all information):*

(a) ☐ **Personal Service** on *(date)*_____, at _____ a.m./p.m., to
{☐ Plaintiff ☐ Defendant } _____ *(name)* in person at the following
address _____ in the County of _____
_____, State of _____.

(b) ☐ **Substitute Service** on *(date)*_____, at _____ a.m./p.m., by
delivering them to the following address _____
in the County of _____, State of _____. Delivered to *(name)*_____
_____, who is a person age 14 or older and who lives there.
*(Complete the section below only if the server also did the follow-up mailing required by ORCP
7D(2)(b). If a person other than the server did the follow-up mailing, that person must
complete a separate Certificate of Service Mailing.)*

☐ On *(date)*_____, I personally deposited a true copy of the same
documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage
paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____
_____*(name)*, at the party's home address listed above, together with a statement of
the date, time and place that the documents were hand-delivered to the party's dwelling
(residence).

(c) ☐ **Office Service** on *(date)*_____, at _____ a.m./p.m., by
delivering them to the office of the party to be served, located at: _____
_____ *(address)*, during normal working hours for that office,
where I left the documents with _____*(name)*, who is a
person apparently in charge, to give the documents to the party to be served.

*(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(c). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

☒ On *(date)* AUG 27, 2024 I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☐ Plaintiff ☒ Defendant *(name)* VICTORY RECOVERY SERVICES, at the party's: ☐ home address at: 4657 THOMPSON MILL RD BUFORD, GA 30518, **OR** ☒ business address above, together with a statement of the date, time and place that the documents were hand-delivered to the party's office.

(d) ☐ **Service by Mail, Return Receipt Requested** on *(date)*_____, I personally deposited **two** true copies with the U.S. Postal Service. **One** by first class mail, and the **other** by certified or registered mail, Return Receipt Requested, or by express mail, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____ *(name)*, at the party's home address located at:_____ _____*(address). (NOTE: If mailed Return Receipt Requested, the return receipt must be attached to this Certificate of Service.)*

**I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and I am subject to penalty for perjury.**

10/10/2024
Date

*Signature of Server*

Matthew Hecker
Print Name

*If person serving is NOT a sheriff or sheriff's deputy, address and phone number of server:*

306 74th St Springfield OR 97478

Help

## Product Tracking & Reporting

UNITED STATES
POSTAL SERVICE ®

Home    Search    Reports    Manual Entry    Rates/ Commitments    PTR / EDW    Customer Information    September 24, 2024

### USPS Tracking Intranet

### Delivery Signature and Address

Tracking Number: 7022 3330 0001 6445 0840

This item was delivered on 08/31/2024 at 12:56:00

< Return to Tracking Number View



| Signature | |
| --- | --- |
| Address | **4657 THOMPSON MILL RD, BUFORD, GA 30518** |

Enter up to 35 items separated by commas.

Select Search Type:    Quick Search ▾    Submit

Product Tracking & Report
Version: 24.



IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF ___LANE___

Case No: __24CV41394__

JAMIE JOHN-CRANE, on behalf
OF JCJC Living Rvoc TR          Plaintiff
                         v.

LEADFOOT RECOVERY, et all
                              Defendant

**CERTIFICATE OF SERVICE**
(ORCP 7D(2))
☐ (a) Personal Service
☐ (b) Substitute Service
☐ (c) Office Service
☒ (d) Service by Mail

I, *(name)* ___Matt Hecker___, declare that I am a resident of the state of
___Oregon___. I am a competent person 18 years of age or older and not a party
to or lawyer in this case. I certify that the person served is the person named below.

I served true copies of the original *Petition, Claim*, or *Complaint* and *Summons* (with attached
notices of mediation and other information provided by the court clerk) and: *(name any
additional forms served)* _____

*by (check a, b, c, or d and complete all information):*
   (a) ☐ **Personal Service** on *(date)*_____, at _____ a.m./p.m., to
{☐ Plaintiff ☐ Defendant } _____ (*name*) in person at the following
address _____ in the County of _____
_____, State of _____.

   (b) ☐ **Substitute Service** on *(date)*_____, at _____ a.m./p.m., by
delivering them to the following address _____
in the County of _____, State of _____. Delivered to (*name*)_____
_____, who is a person age 14 or older and who lives there.
(*Complete the section below only if the server also did the follow-up mailing required by ORCP
7D(2)(b). If a person other than the server did the follow-up mailing, that person must
complete a separate Certificate of Service Mailing.)*

      ☐ On *(date)*_____, I personally deposited a true copy of the same
documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage
paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____
_____(*name*), at the party's home address listed above, together with a statement of
the date, time and place that the documents were hand-delivered to the party's dwelling
(residence).

   (c) ☐ **Office Service** on *(date)*_____, at _____ a.m./p.m., by
delivering them to the office of the party to be served, located at: _____
_____ (*address*), during normal working hours for that office,
where I left the documents with _____(*name*), who is a
person apparently in charge, to give the documents to the party to be served.

Certificate of Service
Page **1** of **2**

**OJD OFFICIAL**
*(Feb 2022)*

*(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(c). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

     ☒ On *(date)* Aug 27, 2024, I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☐ Plaintiff ☒ Defendant *(name)* TIFFANY DOE, VICTORY RECOVERY SERVICES, at the party's: ☐ home address at: 4657 THOMPSON MILL RD BUFFORD, GA 30518 , **OR** ☒ business address above, together with a statement of the date, time and place that the documents were hand-delivered to the party's office.

    (d) ☐ **Service by Mail, Return Receipt Requested** on *(date)* , I personally deposited **two** true copies with the U.S. Postal Service. **One** by first class mail, and the **other** by certified or registered mail, Return Receipt Requested, or by express mail, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____ *(name)*, at the party's home address located at: _____ *(address)*. *(NOTE: If mailed Return Receipt Requested, the return receipt must be attached to this Certificate of Service.)*

**I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and I am subject to penalty for perjury.**

10/10/2024
Date

Signature of Server

Matthew Hecker
Print Name

*If person serving is NOT a sheriff or sheriff's deputy, address and phone number of server:*

306 74th St Springfield OR 97478

Help

# Product Tracking & Reporting

**UNITED STATES POSTAL SERVICE ®**

Home     Search     Reports     Manual Entry     Rates/Commitments     PTR / EDW     Customer Information     September 24, 2024

## USPS Tracking Intranet

### Delivery Signature and Address

**Tracking Number: 7022 3330 0001 6445 0833**

**This item was delivered on 08/31/2024 at 12:56:00**

< Return to Tracking Number View



|  |  |
|---|---|
| Signature | *(handwritten signature)* |
| Address | 4657 THOMPSON MILL RD, BUFORD, GA 30518 |

Enter up to 35 items separated by commas.

Select Search Type:    Quick Search ▾    Submit

Product Tracking & Reporting
Version: 24.3.3

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Buford, GA 30518    OFFICIAL USE

| Certified Mail Fee | $4.85 | 0655 |
| $ | $4.10 | 19 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ $0.00 | |
| Postage | $9.85 | |
| $ | | |
| Total Postage and Fees | | |
| $ | $18.90 | |

AUG 2    08/27/2024

Sent To
*Tiffany Doe Supervisor/Manager*
*Vichy Recovery Services*
Street and Apt. No., or PO Box No.
*4657 Thompson Mill RD Buford GA 30518*
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 3330 0001 6445 0833