IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMIE JOHN-CRANE, on behalf of JCJC LIVING RVOC. TR., et al.,

        Plaintiff,

vs.

LEADFOOT RECOVERY COMPANY; DOE #1; DAMON POCHOLEC; KIM SULLIVAN; VICTORY RECOVERY SERVICES, INC.; DOE #2; TIFFANY "DOE;" et al.,

        Defendants.

Civ. No. 6:24-cv-1819-AA

**OPINION & ORDER**

AIKEN, District Judge:

Self-represented Plaintiff Jamie John-Crane brings six state and six federal claims on behalf of the JCJC Living Revocable Trust against Defendants Leadfoot Recovery Company; Doe #1; Damon Pocholec; Kim Sullivan; Victory Recovery Services, Inc.; Doe #2; and Tiffany "Doe." *See* Compl., ECF No.1-1, Ex. 1. Defendants Leadfoot Recovery Company, Kim Sullivan, and Damon Pocholoc move to dismiss the claims against them. Def. Mot., ECF No. 5. Defendants Victory Recovery Services and Tiffany Trim move to dismiss the claims against them. Def. Mot., ECF No. 7. For the reasons stated below, the Court GRANTS Defendants' Motions to Dismiss, ECF No. 5 and 7. Plaintiff's claims are DISMISSED without prejudice.

Page 1 – OPINION AND ORDER

BACKGROUND

Self-represented Plaintiff alleges that Plaintiff is the trustee of the JCJC Living Revocable Trust ("the Trust"). Compl. at p. 1. Plaintiff brings state and federal claims on behalf of the Trust. *Id.* Plaintiff alleges that, on August 23, 2024, Defendants "unlawful[ly] and reckless[ly]" attempted to repossess a 2023 Ford Bronco that is owned by the Trust. *Id.* at p. 2 and ¶¶ 4, 8. Plaintiff seeks "compensation for physical injury, emotional distress, property damage, and violations of state and federal law[]" that resulted from the attempted repossession. *Id.* at p. 2.

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's allegations, a court must accept a plaintiff's allegations of fact as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). But a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation" of the action's elements. *Id.* at 555 (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Self-represented (*pro se*) pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court should construe the pleadings of self-represented plaintiffs liberally and give self-represented plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a self-represented litigant is entitled to notice of a complaint's deficiencies and provided the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

On behalf of the Trust, Plaintiff brings six state claims: Breach of Peace under ORS 79.0609, *id.* ¶¶ 33–35; Trespass to Private Property under ORS 164.205, *id.* ¶¶ 36–38; Negligence and Negligent Supervision, *id.* ¶¶ 59–62; Assault and Battery, *id.* ¶¶ 63–65; False Imprisonment, *id.* ¶¶ 66–68; and Intentional Infliction of Emotional Distress, *id.* ¶¶ 85–89, and six federal claims: Armed Kidnapping under 18 U.S.C. 1201, *id.* ¶¶39–45; Armed Use of Fictitious Obligations under 18 U.S.C. 514, *id.* ¶¶ 46–52; Robbery of Property Held in Trust, *id.* ¶¶ 51–58; Fair Debt Collection

Practices Act, *id.* ¶¶ 69–71; and two claims under the Sherman Antitrust Act, 15 U.S.C. 1 & 2, *id.* ¶¶ 72–28.

Defendants move to dismiss the Complaint because it fails to "present any facts alleging that Defendants offended against the Trust." Leadfoot Recovery Def. Mot. at 5; Victory Recovery Def. Mot. at 2 (adopting Leadfoot's Motion). Plaintiff failed to respond.

"Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and he "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"). Although a trustee may represent herself *pro se*, she may not represent a trust *pro se*. *Sundby v. Marquee Funding Group, Inc.*, No. 21-55504, No. 21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) ("A trustee may not represent a trust *pro se* in federal court."). "[T]he rule that artificial entities must have licensed counsel protects the integrity and functioning of the federal courts." *Id.* (citing *C.E. Pope*, 818 F.2d at 698).

Here, self-represented Plaintiff alleges that she is the trustee of the JCJC Living Revocable Trust and brings state and federal claims on behalf of the Trust. Because Trusts cannot be represented by a *pro se* party and must have licensed counsel in federal court, Plaintiff fails to state any claims on behalf of the Trust.

Generally, Federal Rule of Civil Procedure 15 "advises the court that leave shall be freely given when justice so requires[]" . . . and that "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). "Dismissal without leave to amend is proper only if it is clear . . . that the complaint could not be saved by any amendment." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003) (internal quotation marks and citations omitted). Because no set of facts can save Plaintiff's suit on behalf of the Trust, the Court dismisses Plaintiff's Complaint without leave to amend. But Plaintiff can refile claims on her own behalf, instead of on the Trust's behalf. For that reason, the Court dismisses the claims without prejudice.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendants' Motions to Dismiss, ECF No. 5 and 7. Plaintiff's claims are DISMISSED without prejudice.

It is so ORDERED and DATED this  28th   day of May 2025.

                                              /s/Ann Aiken
                                              ANN AIKEN
                                              United States District Judge